UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KIM CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>CHASE RECEIVABLES INC.,<br><br>    Defendant. | Case No.: 13-CV-1092<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kim Craig is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Chase Receivables, Inc. ("Chase") is a California corporation with its principal place of business located at 951 California Blvd., Napa, California 94559.

6. Chase is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Chase is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Chase is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around August 20, 2013, Chase mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "DR. LEONARD'S - DMS". A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was an alleged medical bill, incurred for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A contains the following text:

> This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.
>
> OPTION 1: A settlement of **50% OFF** of your current balance, **SO YOU ONLY PAY $53.87** in **ONE PAYMENT** that must be received in this office on or before **AUGUST 30th, 2013**.
>
> OPTION 2: A settlement of **40% OFF** of your current balance, **SO YOU ONLY PAY $64.64** in **ONE PAYMENT** that must be received in this office on or before **SEPTEMBER 15th, 2013**.
>
> OPTION 3: A settlement of **30% OFF** of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $37.71 EACH** the first payment must be received on or before **AUGUST 30th, 2013** and the second by **SEPTEMBER 30th, 2013**.

Exhibit A.

12. Exhibit A falsely states that the settlement payment "must be received in this office on or before" a specific date.

13. Upon information and belief, Chase had authority from the creditor to settle consumers' accounts for less than the amount owed, or less, at any time, regardless of the supposed deadline printed on the letter.

2

14. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received before that date, are false and misleading because the same offer is, upon information and belief, available at any time.

15. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

16. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

17. Defendant did not use the safe harbor language in Exhibit A.

18. Upon information and belief, the thirty day deadline to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

### **COUNT I – FDCPA**

19. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20. Exhibit A includes false statements to the effect that the settlement offer expires on a specific date.

3

21. Upon information and belief, the creditor and/or Chase would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

22. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

23. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

24. Chase violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after September 27, 2012, (e) that was not returned by the postal service.

26. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

27. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

28. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

30. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 27, 2013

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com